# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| STONEY LESTER,<br><br>        Petitioner,<br><br>  -v-<br><br>ERIC WILSON,<br><br>        Respondent. | Civil Action No. 1:12-cv-681 |

## MEMORANDUM OPINION

Before the Court is Mr. Stoney Lester's petition for a write habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Lester seeks to vacate the sentence given to him by a district court in the Middle District of Georgia in June 2004, and to receive a new sentence calculated in light of the fact that he would not today be considered a career offender as described in the United States Sentencing Guidelines § 4B1.1, although he was so designated at the time of his sentencing. The government, on behalf of Eric Wilson, Warden of the Federal Correctional Complex – Petersburg where Mr. Lester is incarcerated, has moved to dismiss the petition for lack of jurisdiction. Mr. Lester responded, the government replied, and Mr. Lester filed a sur-reply. The briefing quickly moved from the jurisdictional issue to the merits of Mr. Lester's claim, and the Court now has sufficient information and argument before it to issue this opinion and accompanying order denying Mr. Lester's petition.

Mr. Lester was sentenced in June 2004 to 262 months of confinement for possession with intent to distribute five grams or more of cocaine base. That offense carries a statutory minimum mandatory sentence of 10 years and a statutory maximum of life imprisonment. The United States District Court for the Middle District of Georgia determined that Mr. Lester was a career

offender under the U.S.S.G. because he had two prior felony convictions, one of which was for walk-away escape from a minimum security prison. Based on the above, the sentencing court calculated the guideline range for Mr. Lester to be 262-327 months. Mr. Lester appealed and, when his appeals were denied, he petitioned for habeas corpus relief under 28 U.S.C. § 2255. Mr. Lester's petition was denied in August 2007.

In 2008 and 2009 the Supreme Court issued a pair of opinions that interpreted the phrase "violent felony" for the purposes of the Armed Career Criminal Act. *See Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States*, 553 U.S. 137 (2008). In light of those opinions, the Fourth Circuit determined in 2010 that walk-away escape from an unsecured prison facility was not a crime of violence under the U.S.S.G. § 4b1.2 definitions, so could not be used as a predicate offense to declare a defendant a career offender under § 4b1.1. *United States v. Clay*, 627 F.3d 959 (4th Cir. 2010).

Because Mr. Lester has already had his "one bite at the apple" under § 2255—and also because he brings the instant petition more than one year after the *Chambers*, *Begay*, and *Clay* decisions—relief under § 2255 is unavailable to him now. It is presumably for that reason he seeks relief under § 2241 (although the Court notes the government's speculation that Mr. Lester avoids looking to the Eleventh Circuit, and the court of his conviction, for relief because that circuit has already decided this issue against his interest).

In the Fourth Circuit, as elsewhere, challenges to sentences[1] must generally be brought via § 2255. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A prisoner may only collaterally attack his sentence via § 2241 under certain circumstances where § 2255 is "inadequate or ineffective." *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Those

---

[1] That is, challenges to the sentences themselves. Challenges to the *execution* of sentences are properly brought under § 2241, but that is not the nature of this petition.

circumstances are captured in the savings clause of § 2255, which acknowledges that § 2255 might sometimes be an imperfect vehicle (for example, because of its "one bite" restriction) and so allows for petitions to be brought under § 2241 in those cases. *See* 28 U.S.C. § 2255(e).

Section 2255 is not rendered ineffective merely because an individual is procedurally barred from filing a motion under that section. *Vial* 115 F.3d at 1194 n. 5. Instead, the Fourth Circuit formulated a three-part test to determine whether § 2255 is inadequate in a particular situation, triggering the § 2255(e) savings clause and allowing the petitioner to proceed under § 2241:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

The problem with Mr. Lester's argument arises at the second stage of the *Jones* test. The change Mr. Lester relies on is a reconsideration of whether walk-away escapes are deemed violent offenses for the purposes of the U.S.S.G. There has not been any change to whether walk-away escapes are deemed criminal.

Other circuits have considered whether habeas relief might be appropriate in circumstances where the sentencing guidelines were misapplied in a way that appears to have increased the sentence a prisoner received. Recently, the Eleventh Circuit thoroughly surveyed this area of the law's current state. *Gilbert v. United States*, 640 F.3d 1293, 1312-16 (11th Cir.

3

2011). The *Gilbert* court held (in agreement with every other circuit that has taken up the issue) that the state's interest in finality of convictions, as expressed through the limitations of § 2255, precludes reconsideration of how the sentencing guidelines were initially applied, at least as long as the resulting sentence did not exceed the statutory maximum for the charged offense. *Id.* at 1323-24.

The Fourth Circuit has not considered the issue yet, but this Court sees no reason to suspect it will blow against the prevailing wind when it does. In this case, Mr. Lester was sentenced to 262 months for a crime with a statutory maximum of life imprisonment, foreclosing him from challenging the manner in which the sentencing guidelines were applied.

Mr. Lester's reliance on *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), is misplaced. In *Narvaez*, the Seventh Circuit did vacate and remand a prisoner's sentence because his classification as a career offender was improper in light of the same Supreme Court opinions Mr. Lester cites. *Id.* at 630. But the petitioner in *Narvaez* filed his petition within one year of the asserted right's recognition by the Supreme Court. *See* 28 U.S.C. § 2255(f)(3). His timeliness kept him entirely outside the § 2255(e) savings clause analysis, thereby avoiding the finality concerns discussed in *Gilbert* and the related cases. Mr. Lester did not petition for relief within that window, so is relegated to pursuing his claim under the savings clause and § 2241.

Mr. Lester is barred from proceeding under § 2255 because of the ban on successive petitions and because his motion was not brought within a year of the Supreme Court decisions on which he relies. He is barred from proceeding under § 2241 because he does not meet the Fourth Circuit's criteria for savings clause eligibility as articulated in *Jones* and discussed above. For these reasons, Mr. Lester's petition is denied.

Because the Fourth Circuit has yet to announce its position on whether a prisoner may challenge his classification under the sentencing guidelines via a § 2241 petition, and because reasonable jurists could certainly disagree on the question, this Court issues a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b).

The parties are referred to the accompanying order for further details.

April 10, 2013  
Alexandria, Virginia

/s/ _____
Liam O'Grady
United States District Judge