# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| STONEY LESTER, ) <br> ) <br> *Petitioner,* ) <br> ) <br> v. ) <br> ) <br> ERIC D. WILSON, ) <br> ) <br> *Respondent.* ) <br> ) | Case No. 1:12-cv-681-LO-JFA <br> Hon. Liam O'Grady |

## MEMORANDUM OPINION & ORDER

This matter comes before the court on Petitioner Stoney Lester's Petition for Writ of Habeas Corpus (Dkt. 1). For the reasons that follow, and for good cause shown, the Court will grant Petitioner Lester's motion, reduce his sentence to time served, impose his original conditions of supervised release, rescind the Court's January 28, 2019 Order to the extent it deviates from this Order, and transfer Petitioner Lester's supervision to the Probation Office and United States District Court for the Middle District of Georgia.

## I. BACKGROUND

In 2004, Petitioner Stoney Lester was sentenced to 262 months in prison for selling crack cocaine to a government informant. Lester received that sentence because he was designated a career offender and was therefore subject to an enhanced, then-mandatory, Sentencing Guidelines range of 262 to 327 months in prison. The Fourth Circuit recently held that under new precedent, Lester's career offender enhancement was unlawful. *Lester v. Flournoy*, 909 F.3d 708, 714 (4th Cir. 2018). As a result, the sentencing court was rightfully bound to sentence Lester to no more than 151 months pursuant to the then-mandatory Sentencing Guidelines. *Id.*

The Fourth Circuit remanded Lester's habeas petition to this Court for further review in light of these holdings.

Lester had already served more than 151 months in prison by the time his habeas petition was remanded. With the agreement of both parties, the Court therefore ordered Lester's release to a halfway house known as Dismas Charities. Dkt. 37. The parties have since filed contemporaneous briefs and responses regarding appropriate further relief.

The parties agree that under the Fourth Circuit's decision, Lester's habeas petition should be granted and he is entitled to some form of relief. Dkt. 40 at 7; Dkt. 41 at 1–2. The parties also agree that the Court has jurisdiction and authority to amend or correct Lester's sentence without conducting a resentencing hearing. Dkt. 40 at 7; Dkt. 41 at 2. Petitioner Lester "makes no argument that this Court should amend any term of his initial supervised release."[1] Dkt. 41 at 3 n.3, 11 n.9. The only issue the parties disagree about is Lester's appropriate "corrected" sentence. Dkt. 41 at 2. The government argues that Lester's sentence should be amended to "time served." Dkt. 40 at 10–12. By contrast, Petitioner Lester argues that his sentence should be "corrected" to 151 months – the maximum sentence the original sentencing judge could have lawfully imposed – with credit for additional time served against any future supervised-release revocation sentences. Dkt. 41 at 2, 7–11; Dkt. 40 at 11.

## II. DISCUSSION

Lester is correct that 151 months is the maximum sentence that could have been lawfully imposed under the then-mandatory Sentencing Guidelines in 2004. *Lester*, 909 F.3d at 714. However, the Fourth Circuit has also made clear that extending credit for overserved time is

---

[1] The parties agree that Lester need not remain at Dismas Charities and that upon the issuance of an amended sentence, "he should be released in accordance with the standard conditions of supervision reflected in his initial judgment." Dkt. 41 at 11. The parties also agree his supervision should be transferred to the Middle District of Georgia. *Id.*; Dkt. 40 at 9.

2

against public policy because it "would provide a sense of immunity and an incentive to engage in criminal conduct." *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) (reaffirming its prior decision that "declared it unthinkable to lend support to any judicial decision which permits the establishment of a line of credit for future crimes" because "[t]he public policy consideration involved was deemed to outweigh the claim for requital by way of a time allowance for the illegal detention for which the prisoner had been subjected" (internal quotation marks omitted)). The Sentencing Guidelines also prohibit a reduction in sentence below time served for subsequent sentencing guidelines amendments, presumably for similar reasons. *See* U.S.S.G. § 1B1.10(b)(2)(C).

Consistent with its policy ban against crediting excess time served, the Fourth Circuit recently upheld a corrected sentence of time served even though the defendant had served 53 months above the appropriate guideline range. *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018). The Fourth Circuit rejected the defendant's argument that his sentence should be reduced below time served to "allow the district court, if it chooses, to 'provide credit for time overserved,'" noting that "a defendant has no *entitlement* to credit his overserved custodial time against his term of supervised release." *Id.* at 66–67 (emphasis in original). While the Fourth Circuit found that the district court had procedurally erred in failing to explain the corrected sentence's variance from the guidelines, it held that the time served sentence was not substantively unreasonable because the district court recognized that the defendant had "overserved his time" in reducing the defendant's term of supervised release and "any error did not have the practical effect of prolonging [the defendant's] incarceration by even one day." *Id.* at 67.

Lester argues that *United States v. Nichols*, a case out of the Sixth Circuit, is more applicable than *United States v. Ketter*. In *United States v. Nichols*, the Sixth Circuit vacated a corrected sentence of time served where (a) the defendant had already served longer than the statutory maximum sentence and (b) the modification of the defendant's sentence to time served did not result in the defendant becoming eligible for immediate release. 897 F.3d 729, 733–34 (6th Cir. 2018). But, it is at least arguable that (a) is not present here, and it is undisputed that (b), the more critical factor, is not present.

First, while a time-served sentence would fall above the then-mandatory applicable guideline range, it falls below the maximum statutory sentence of 40 years. *See Lester*, 909 F.3d at 709 ("The statutory maximum sentence was 40 years. *See* 21 U.S.C. § 841(b)(1)(B).")

More importantly, a time-served sentence would not result in further imprisonment of Lester, as he has already been released. The Sixth Circuit's holding in *Nichols* is therefore not applicable to the facts in this case. *Cf. Ketter*, 908 F.3d at 67 n.2 (distinguishing *Nichols* because the time-served corrected sentence in *Nichols*, "in combination with other sentences to be served consecutively, prolonged incarceration"). Indeed, in reaching its decision in *Nichols*, the Sixth Circuit expressly distinguished various district court cases where the petitioner was eligible for immediate release after the court corrected the petitioner's sentence to time served. *Id.* at 734 (collecting cases).[2]

A corrected sentence of time served is thus consistent with the case law, the Sentencing Guideline's prohibition against reductions in sentence below time served in other contexts, and the Fourth Circuit's prohibition against giving defendants credit for excess time served against

---

[2] The Eighth Circuit has also upheld a time-served corrected sentence, even though the time served surpassed the applicable statutory maximum, where the defendant became eligible for immediate supervised release. *See United States v. Watkins*, 692 F. App'x 307 (8th Cir. May 18, 2017).

4

future convictions. *Cf. United States v. Jackson*, 2019 WL 613500, at *2 (W.D. Va. Feb. 13, 2019) (Dillon, J.) (declining to reduce a defendant's sentence below time served).

Also before the Court is whether Petitioner's conditions or period of supervised release should be modified in light of the Fourth Circuit's decision on his appeal and his corrected sentence. Petitioner waived any argument that his period of supervised release should be reduced. Dkt. 41 at 3 n.3, 11 n.9. The Court also notes that district courts are not required to reduce a defendant's period of supervised release after correcting the defendant's sentence even if the defendant had served excess time in prison. *United States v. Johnson*, 529 U.S. 53 (2000). However, the parties agree that Lester should be released from community confinement at Dismas Charities to be supervised by the Middle District of Georgia pursuant to the standard conditions of supervision reflected in his initial judgment. Dkt. 41 at 11. Accordingly, the Court finds good cause to order Petitioner's release from community confinement at Dismas Charities, impose the standard conditions of supervision reflected in his initial judgment, transfer his supervision to the Middle District of Georgia, and rescind the Court's January 28, 2019 Order to the extent it conflicts with this Order.

### III. CONCLUSION

For the reasons stated above, and for good cause shown, the Court hereby **ORDERS** as follows:

1. Petitioner Lester's Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**;

2. Petitioner Lester's sentence is **MODIFIED** to a sentence of time served to be followed by the standard conditions of supervision reflected in his initial judgment;

3. The Court's January 28, 2019 Order is **RESCINDED** to the extent it conflicts with this Order; and

4. Petitioner Lester's supervision is **TRANSFERRED** to the Probation Office and United States District Court for the Middle District of Georgia.

It is **SO ORDERED**.

February 21, 2019  
Alexandria, Virginia

/s/ Liam O'Grady  
United States District Judge